LEMMON, Judge
(dissenting).
Since the proof did not comply with R.S. 13:3722, the judgment must be reversed.
Nevertheless, I vote for a remand under the particular circumstances of this case in which the evidence (found credible by the trial judge) would have been sufficient to support the'judgment, except for the technical requirements of the statute.
This type of case should normally be won or lost in the trial court, and the trial judge commented at the start as to the discerning manner in which he intended to weigh evidence which the deceased person could not contradict. Since plaintiff concentrated his trial efforts on proving Mrs. Villere’s offer, which was the more difficult element to prove, the primary dispute as to the existence and date of the “agreement” subverted the offer and acceptance elements of the proof. Since the circumstances of this case raise strong inferences that plaintiff was responsible for consummating the sale, it appears probable that the litigant will sustain an injustice unless afforded further opportunity to furnish the obviously available proof of his connection with the sale.
For example, a compelling inference as to plaintiff’s connection with the sale is raised by the circumstance that his employee, Butler, while apparently on duty, drove the purchaser and his mechanic on several occasions from plaintiff’s motel, where “they lived for some time”, to examine the dragline and was there when they bought and loaded it. This circumstance alone would be sufficiently corroborative of plaintiff’s testimony, but for the more stringent proof requirements of R.S. 13:3722.
In Succession of Dugas, 215 La. 13, 39 So.2d 750 (1949) the claimant failed to prove her claim precisely as required by the dead man’s statute, although the proof was apparently available at the time of trial. However, the Supreme Court, convinced by the evidence of the validity of the claim, remanded the case in the interest of justice to allow an opportunity to supplement the deficiency.
The purpose of the dead man’s statute is to set a higher minimum proof than the circumstantially corroborated testimony of the claimant alone in cases where the claimant’s testimony cannot be denied because the alleged debtor is deceased.[1] Many valid claims are thereby made unenforceable when the debtor dies, if the survivor has no witnesses or written evidence as to the debt or liability. Thus, while protecting the heirs of the deceased person from invalid claims, the statute with its higher standard of proof sometimes causes injustice to the survivor.
*51 In the present case, where the evidence fulfills the usual burden of proof, but is deficient only because of the higher requirement of the statute, a remand will possibly prevent an injustice. On the other hand, a remand does not insure that plaintiff will prevail. Plaintiff must still supply the required proof, and with his version of the facts of the sale already in the record, the executrix can offer rebuttal proof that plaintiff was not responsible for consummating the sale.
Finally, Judge Redmann’s perceptive analysis in his concurring opinion of plaintiff’s itemized bill suggests that plaintiff was in fact adequately compensated for his total services. Indeed, the strongest circumstantial evidence against plaintiff’s claim is the fact that he did not ask for or receive a 10% commission when Mrs. Vill-ere deposited the purchaser’s check and paid plaintiff’s bill. Nevertheless, neither party went into an analysis of this bill when presenting evidence at trial, and on remand plaintiff could be confronted with the questions raised by Judge Redmann’s analysis, after which the trial judge can reconsider all evidence. My primary objection is the denial of a remand based on a relatively insignificant technical deficiency.

. Dead Man’s Statutes originated as a rule of incompetency of witnesses that disqualified parties and interested persons from testifying as to transactions with a party who subsequently died. For a history and criticism of these statutes, see McCormick, Law of Evidence § 65 (2d ed. 1972). The Louisiana statute does not disqualify the party’s testimony, but rather requires additional testimony as minimum proof.